UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-77-HAB |
| ) | |
| HENRY UNDERWOOD ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant, proceeding *pro se*, has submitted a letter (ECF No. 73) to the Court related to a previously filed document titled "Affidavit of Facts" (ECF No. 61). In his letter, he recites that his "Affidavit of Facts" point out "inconsistencies" with the allegations in the Indictment against him. He further contends that the victim has identified five different possible suspects "all of whom are different in color and height which doesn't match the accused description." [sic]. He declares that this "Affidavit of Facts" shall stand as "truth in commerce" and contends that the Court erred in its "decision."  Presumably, the Defendant means that the Court erred in its decision to file the Affidavit of Facts in the record but take no action on it because it failed to comply with any procedural rule and did not request any action be taken by the Court, but the Court is not certain.

The Defendant was advised at the time he sought *pro se* status that he would be required to comply with both the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. This Court reminded him of this obligation in its previous order (ECF No. 62). Again, however, he has not connected his letter to any motion or procedural rule, nor does it appear to request any action from the Court. However, out of an abundance of caution and to the extent the Court can liberally construe his filing as a Motion to Dismiss the Indictment, the Motion is DENIED.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment for lack of specificity or failure to state an offense, among other things. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citation and quotation marks omitted).[1]

Defendant's Affidavit of Facts raises, at best, factual defenses to the charges contained in the Indictment. Essentially, he states that the victim identified multiple individuals that do not match his description and he does not know the co-defendant, Tyshon Powell. Thus, it appears he believes that he is wrongly or mistakenly charged in the case.

Factual challenges such as the ones raised by Defendant test the strength of the Government's case and are not proper challenges to the Indictment itself. This is because factual defenses are for a jury, not the Court, to decide. Thus, a defendant seeking pre-trial dismissal ordinarily may not "transcend the four-corners of the indictment." *United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979); see also *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."); *United States v. Yasak,* 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been sufficiently charged.") (internal citation and quote marks omitted).

---

[1] Fed. R. Crim. P. 47 applies to pretrial motions under Rule 12. *See* Fed. R. Crim. P. 12(b)(1) ("Rule 47 applies to a pretrial motion.") Rule 47, in turn, requires motions to be in writing, state the grounds on which it is based, and the relief sought.

A cursory review of the four corners of the Indictment shows that it complies with Rule 7(c)(1). It identifies the elements of the crimes charged, informs the defendant of the nature of the charges so he can prepare a defense, and enables the defendant to plead the judgement as a bar against future prosecutions for the same offense. For this reason, the Indictment is proper and the Defendant's factual challenges to the Indictment are issues for the jury to decide at trial.

## **CONCLUSION**

The Court construes Defendant's letter (ECF No. 73) as a Motion to Dismiss the Indictment. That Motion is DENIED. The Defendant is again reminded that filings requesting action by the Court must be presented in accordance with the Rules of Criminal Procedure.

SO ORDERED on March 22, 2022.

        s/ Holly A. Brady_____
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT