UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Cause No. 1:20-CR-77-HAB |
| HENRY UNDERWOOD | )<br>)<br>) | |
| Defendant. | ) | |

**OPINION AND ORDER DENYING MOTION TO DISMISS**

Defendant, proceeding *pro se*, has filed a Motion to Dismiss (ECF No. 119) asserting that the Indictment charging him with violation of various statutes is unlawful because "[n]either the U.S. Congress nor any state congress has the authority to write statutes that control peoples behavior." [all sic]. He further asserts that Congress has no authority to legislate outside of Article 1, section 8[1] of the Constitution and that Congress exceeded its authority when it enacted the laws under which he is charged in this case. Additionally, he asserts that the statutes charged are unconstitutional under Article 1, sections 9[2] and 10[3].

Defendant is charged in five counts of a six count superseding indictment with violations of 18 U.S.C. §1958(a) (racketeering-murder), 18 U.S.C. §1512(a)(1)(A) and (C) (witness tampering by attempted murder), 18 U.S.C. § 1512(a)(2)(A) (witness tampering by physical force), 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), and 18 U.S.C. § 924(c) (use of a firearm in furtherance of a serious violent felony). In previous filings the Defendant has proffered various sovereign citizen-type arguments asserting that this Court lacks jurisdiction over him. These new

---

[1] That provision enumerates the scope of the legislative branch's powers.
[2] Article 1, Section 9 sets forth the Powers Denied to Congress.
[3] Article 1, Section 10 sets forth the Powers Denied to States

arguments are variants of that theory, now asserting that the Court lacks subject matter jurisdiction because Congress lacks authority to promulgate criminal laws under the Constitution. He believes the common law, not acts of Congress, govern his case.

This Court has articulated to the Defendant that allegations and arguments premised upon "sovereign citizen" theories are frivolous, wholly without merit and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases); see also See *Bey v. State of Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) (citing cases). The present motion is more of the same.

Attempting to strip the filing of its sovereign citizen notions to get to the heart of the motion is a tough task. There is no procedural basis for the motion set forth in the Defendant's filing. Thus, the Court liberally construes the procedural basis for the Motion to Dismiss to be either Fed. R. Crim. P. 12(b)(2) (court lacks jurisdiction over the allegations in the indictment), or a motion to dismiss a count of the indictment based on a defect in the indictment. See Fed. R. Civ. P. 12(b)(3)(B) (defects include the failure to state an offense). But even then, enshrined in the filing is more sovereign citizen baloney. For instance, he states that the "common law is the real law the supreme law of the land. The codes, rules, regulation, policy and statutes are 'not the law.'" (ECF No. 119 at ¶1). He further contends that the Government is a corporation ruled by contract and he objects to all offers of contracts. (*Id.* at ¶4). This is all a way of indirectly saying what this Court has already told the Defendant he cannot do, that is, argue that the Court does not have jurisdiction over him under the laws of the United States.

What the Defendant can do, however, is assert that a particular crime charged against him is unconstitutional and move to dismiss it. Indeed, "[f]ailure to state an offense" may be due to a question of statutory interpretation or a constitutional issue. *See United States v. Stone*, 394 F.

Supp. 3d 1, 8 (D.D.C. 2019). A constitutional challenge to a criminal charge, or to the statute on which it rests is a claim that the charge fails to state an offense. But a generalized assertion that all laws passed by Congress are null and void won't cut it.

A district court maintains subject-matter jurisdiction "[s]o long as the indictment 'charges the defendant with violating a valid federal statute in the United States Code'" and alleges an "'offense against the laws of the United States.'" *United States v. Thomas*, No. 7:16-CR-00017-4, 2020 WL 3001050, at *6 (W.D. Va. June 4, 2020) (citing *United States v. Brown*, 752 F.3d 1344, 1353–54 (11th Cir. 2014)) (citation omitted). The Indictment in this case tracks the statutory language for the various crimes the Defendant is charged with committing, all of which on their face charge the defendant with offenses, legislated by Congress as crimes against the United States. This is sufficient. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) ("[A]n indictment 'that "tracks" the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive.'"). Absent a challenge to the constitutionality of a particular statute under which he is charged and a supporting legal basis for that motion, the Defendant's Motion to Dismiss goes nowhere. The Motion to Dismiss is DENIED

SO ORDERED on September 26, 2022

s/ Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT