UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:20-CR-77-HAB |
| HENRY UNDERWOOD, | ) |
| Defendant. | ) |

**OPINION AND ORDER DENYING MOTION TO DISMISS**

Defendant, proceeding *pro se*, has filed another Motion to Dismiss (ECF No. 131) along with a document titled "Judicial Notice" and a Writ of Habeas Corpus (ECF Nos. 132, 133). By now these are familiar filings by the Defendant as he continues to assert that the indictment charging him with violation of various statutes is unlawful because "[n]either the U.S. Congress nor any state congress has the authority to write statutes that control people's." [sic]. (ECF No. 131 at ¶ 2). He further asserts that Congress has no authority to legislate outside of Article 1, section 8[1] of the Constitution and that Congress exceeded its authority when it enacted the laws under which he is charged in this case. Additionally, he asserts that the statutes charged are unconstitutional under Article 1, sections 9[2] and 10[3].

Defendant is wrong and this Court has explained this to him in previous orders. (See ECF Nos. 123, 128). Nevertheless, he continues to make frivolous sovereign-citizen type filings and take up the Court's time with repetitive motions challenging the charges against him. Let the Court make this absolutely clear to the Defendant: a generalized assertion that all laws passed by

---

[1] That provision enumerates the scope of the legislative branch's powers.
[2] Article 1, Section 9 sets forth the Powers Denied to Congress.
[3] Article 1, Section 10 sets forth the Powers Denied to States

Congress are null and void under the Constitution is not a get out of jail free card in a Monopoly game. There is no genie in a bottle that, once a motion is filed three times, will release the Defendant from the custody of the United States Marshal's Service.

To reiterate what this Court has previously told the Defendant:

(1) Defendant has been charged in five counts of a six count superseding indictment with violations of 18 U.S.C. §1958(a) (racketeering-murder), 18 U.S.C. §1512(a)(1)(A) and (C) (witness tampering by attempted murder), 18 U.S.C. § 1512(a)(2)(A) (witness tampering by physical force), 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), and 18 U.S.C. § 924(c) (use of a firearm in furtherance of a serious violent felony). These are very serious charges against him and his time would be better spent preparing a defense to them than relitigating previously denied motions.

(2) Defendant's filings titled "Judicial Notice" which continue to espouse "sovereign citizen" theories will continue to be stricken by this Court as the Seventh Circuit advises they "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases); see also *See Bey v. State of Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) (citing cases).

(3) A district court maintains subject-matter jurisdiction "[s]o long as the indictment 'charges the defendant with violating a valid federal statute in the United States Code'" and alleges an "'offense against the laws of the United States.'" *United States v. Thomas*, No. 7:16-CR-00017-4, 2020 WL 3001050, at *6 (W.D. Va. June 4, 2020) (citing *United States v. Brown*, 752 F.3d 1344, 1353–54 (11th Cir. 2014)) (citation omitted). The Indictment in this case tracks the statutory language for the various crimes the Defendant is charged with committing, all of which on their face charge the defendant with offenses, legislated by Congress as crimes against the United States. This is sufficient to give this Court jurisdiction. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) ("[A]n indictment 'that "tracks" the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive.'").

(4) Despite the Defendant's assertion to the contrary, the Supreme Court has long recognized that the Constitution authorizes Congress to enact criminal laws. *See, e.g., United States v. Comstock*, 560 U.S. 126, 135-36 (2010) ("Thus, the Constitution, which nowhere speaks explicitly about the creation of federal crimes beyond those related to 'counterfeiting,' 'treason,' or 'Piracies and Felonies committed on the high Seas' or 'against the Law of Nations,' nonetheless grants Congress broad authority to create such crimes." (internal citations omitted)). Indeed, Congress can pass criminal laws under one of the specifically enumerated powers in Article 1 §8 of the Constitution, such as the Necessary and Proper Clause, U.S. Const. art. I, § 8, cl. 18;

      the War Powers Clause, U.S. Const. art. I, § 8, cl. 11; and, the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.

(5) Absent a challenge to the constitutionality of a ***particular*** statute under which he is charged and a supporting legal basis for that motion (not an assertion that all federal criminal statutes are unconstitutional), the arguments in Defendant's Motion to Dismiss go nowhere.

It is time for the Defendant to move on from these arguments. His trial is scheduled to begin in a little over two months. The Motion to Dismiss (ECF No. 131) and the Writ of Habeas Corpus (ECF No. 133) are DENIED. The document captioned "Judicial Notice" (ECF No. 132) is STRICKEN but shall remain in the record for completeness.

SO ORDERED on November 18, 2022.

                                                s/ Holly A. Brady  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT