UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.       ) | Cause No. 1:20-CR-77-HAB |
| ) | |
| HENRY UNDERWOOD ) | |

**OPINION AND ORDER**

This case is in the final countdown to a trial set to begin on June 5, 2023. The Defendant, Henry Underwood ("Underwood"), is charged in a five count Superseding Indictment with using a facility of interstate and foreign commerce, with intent to commit murder, in violation of 18 U.S.C. § 1958(a); attempting to kill a person to prevent their attendance and testimony in an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(a)(1)(A) and (C), and 18 U.S.C.§ 2; using physical force against a person with intent to influence, delay, and prevent testimony in an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(a)(2)(A) and 18 U.S.C.§ 2; being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and discharging, brandishing carrying or using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Although these charges arise from conduct occurring on May 31, 2018, and continuing to June 1, 2018, Underwood was not indicted until December 16, 2020.

Since his indictment, the record has no shortage of letters from Underwood on an assortment of matters ranging from his expression of sovereign citizen platitudes to the filing of writs and notices, to his dissatisfaction with his counsel. After his first court-appointed counsel withdrew at Underwood's insistence (ECF No. 56), Underwood represented himself and was appointed standby counsel, Stanley Campbell. (ECF No. 58). By December 2022, Underwood

discovered that lawyering isn't as easy as television makes it look and asked the Court to appoint him counsel. (ECF No. 141: "[T]his pro se stuff kinda difficult.") The Court then appointed Attorney Campbell to represent Underwood. (ECF No. 143).

On April 27, 2023, the Court held a status conference to discuss the upcoming trial scheduled to begin on June 5, 2023. (ECF No. 157). It was after this conference that Underwood's correspondence to the Court became more frequent and, for the first time, he raised objections to counsel's performance. On May 3, 2023, the Court received a letter from Underwood complaining about Attorney Campbell's performance as well discovery issues. (ECF No. 159). The Court held an in-person status conference on May 9, 2023, to ensure that all parties were prepared to proceed to trial, all discovery owed had been received, and that Attorney Campbell believed he could adequately represent Underwood at the upcoming trial. Satisfied by the parties' assurances that they were prepared to proceed to trial, the Court confirmed the trial date. (ECF No. 163). The final pretrial conference was held on May 16, 2023, and during that proceeding, the Court granted the Government's Motion to Compel Underwood to present his arms for photographing. (ECF Nos. 168, 169).[1] After that hearing, Underwood wrote three more letters complaining about Attorney Campbell and asking for substitute counsel. (ECF Nos. 170, 172, 174). To address these letters, the Court scheduled a hearing for May 25, 2023, (ECF No. 173) to inquire into the basis of Underwood's dissatisfaction with counsel. Having conducted that hearing and inquired into Underwood's complaints, the Court will DENY Underwood's request for new counsel.

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal case the right to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S.

---

[1] At the most recent hearing, Underwood indicated he would not comply with the Court's order to present his arms for photographing. The Court, after advising Underwood of the possible consequences of his position, found him in criminal contempt and withheld sentencing to a later date.

668, 684–86, (1984); *Wyatt v. United States,* 574 F.3d 455, 457 (7th Cir. 2009). This applies to all critical stages of a criminal proceeding, including sentencing. *Jackson v. Miller*, 260 F.3d 769, 776 (7th Cir. 2001), citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Additionally, the Sixth Amendment provides a defendant "who does not require appointed counsel the right to choose who will represent him." *United States v. Turner*, 594 F.3d 946, 948 (7th Cir. 2010), citing *Wheat v. United States*, 486 U.S. 153, 159 (1988). The logical inverse is also true: "the right to counsel of choice *does not* extend to defendants who require counsel to be appointed for them." *United States v. Wallace*, 753 F.3d 671, 675 (2014) (quoting *United States v. Gonzalez–Lopez*, 548 U.S. 140, 151 (2006)) (emphasis added).

Nor does a defendant have an unlimited ability to request different appointed counsel. *See United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008) ("A district court is not required to appoint a new lawyer each time the defendant requests one"); *United States v. Irorere,* 228 F.3d 816, 828 (7th Cir. 2000) ("where the defendant's lack of counsel was caused by his own refusal to cooperate with the counsel appointed for him ... the district court's decision not to appoint new counsel for the defendant does not constitute an abuse of discretion."). Indeed, courts have "broad discretion in determining whether to disqualify a defendant's representation." *United States v. Tocco*, 575 F. Supp. 100, 102 (N.D. Ill. 1983); *United States v. Davis*, 604 F.2d 474 (7th Cir. 1979).

The Supreme Court has also made it clear that the Sixth Amendment does not guarantee "the right to a *meaningful attorney-client relationship*," *Morris v. Slappy*, 461 U.S. 1, 13 (1983) (emphasis in original) (internal quotes and citation omitted) – only the right to an effective advocate. A legal conflict of interest, *i.e.*, an incompatibility between a lawyer's own private interest and those of the client, is distinguishable from a "conflict" in the sense that word is used

in "common parlance" to describe a personality conflict. *See Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir. 2008). As the Ninth Circuit explained in that case:

> [W]e are not aware of any [Supreme Court case] that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust. Indeed, *Morris v. Slappy* is to the contrary.

*Id.* The Seventh Circuit has similarly found that a defendant's lack of trust and a corresponding failure to cooperate with counsel is not sufficient grounds to appoint new counsel. *See United States v Hillsberg*, 812 F.2d 328, 333 (7th Cir. 1987) (denial of request for counsel warranted where defendant "abruptly states that he does not trust his attorney but gives no grounds for that distrust"); *United States v. Volpentesta*, 727 F.3d 666 (7th Cir. 2013) (butting heads and personality clashes insufficient to warrant new counsel).

Finally, not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. *Id.* at 11. So, too, a defendant's generalized expression of dissatisfaction with counsel is insufficient to require appointment of new counsel where counsel is providing "reasonably effective assistance" free of a conflict of interest. *Strickland*, 466 U.S. at 687; *see also Cuyler v. Sullivan*, 446 U.S. 335, 345–49 (1980).

During the Court's inquiry as to what specific issues Underwood had with Attorney Campbell's representation, Underwood made generalized complaints about his communications with Attorney Campbell. For instance, he asserted that Attorney Campbell only wanted to discuss plea agreements, didn't answer his questions, and was in collusion with the Government. In none of these instances did he provide a factual basis from which the Court could validate his grievances.

4

In response to these complaints, Attorney Campbell stated that he had a duty to bring plea agreements offered by the Government to the defendant. As for Underwood's other complaints, Attorney Campbell expressed concerns that Underwood's refusal to communicate with him could impair the defense at trial. That said, Attorney Campbell stopped short of representing that the "gulf of communication so widened as to constitute a total breakdown" *Volpentesta*, 737 F.3d at 673, and indicated he was prepared for trial. However, at the insistence of Underwood, Attorney Campbell orally moved to withdraw.

The Court attempted to meticulously examine all of Underwood's concerns during the hearing. This was thwarted by Underwood's belligerence, his frequent ranting, and his repeated statements during the hearing that there was "no way no how" he was going to trial with Attorney Campbell. But that decision, to Underwood's dismay, is not his to make.

This is not a case of an actual legal conflict, as Attorney Campbell acknowledged when questioned by the Court. Having heard Underwood's complaints, they are nothing more than generalized grumblings about counsel. None of his complaints show that an actual conflict exists affecting Attorney Campbell's representation of Underwood. For sure, Underwood has a foundational distrust of the legal system and believes, like many defendants appearing in this Court, that the Government and defense counsel are in cahoots merely because they coexist. But he has produced nothing to demonstrate that Attorney Campbell has done anything adverse to Underwood's interests in his dealings with the Government. Further, to the extent, Underwood is making a voluntary decision not to cooperate with counsel, this will not serve him well. *See Hall v. Washington,* 106 F.3d 742 (7th Cir. 1997) (where the defendant refuses to cooperate with his counsel and later asserts that his counsel's performance was defective, no ineffective assistance of counsel claim lies); see also *Francis v. People,* 2012 WL 3183823 (S.Ct. V.I. 2012) ("[t]o allow a

defendant to consciously and deliberately obstruct his defense, and then prevail on a claim of ineffective assistance of counsel would be ludicrous, would be preposterous and would establish a disconcerting legal precedent ...").

Admittedly, Attorney Campbell's motion to withdraw complicates matters. He represented to the Court his concern that Underwood's refusal to communicate could impair Attorney Campbell's ability to defend the case, particularly as it related to *Jencks* Act evidence. But the Court need not take Attorney Campbell's word for it. Indeed, even counsel's representations of a legal conflict are not sacrosanct. *See Holloway v. Arkansas*, 435 U.S. 475, 486–87 (1978). Instead, the Court must "explor[e] the adequacy of the bases for defense counsel's representations." *Id*. at 487. For the reasons set forth above, the Court is satisfied that Attorney Campbell can render Constitutionally-adequate representation no matter Underwood's level of involvement.

Moreover, Underwood has been appointed two veteran trial attorneys as defense counsel and has been dissatisfied with both. This strongly indicates to the Court that regardless of who the Court would appoint if it did grant Underwood's motion, Underwood would not be satisfied. Attorney Campbell is a trial tested attorney and has a solid reputation in the community. The Court would be hard-pressed to find more capable and experienced counsel, in general; and even further constrained to find counsel that could be ready to represent Underwood without a continuance of the current trial date.

This brings to the forefront the Court's serious concerns about the last-minute nature of Underwood's request and his attempts to manipulate these proceedings. Underwood did not begin complaining about current counsel until it became clear that trial was moving forward on June 5, 2023 – ten days from now. If the Court were to appoint new counsel at this late stage, fairness to new counsel might require the granting of a continuance. And, the Seventh Circuit has admonished

6

that as a case gets closer to trial, granting a continuance becomes more disruptive to the court's calendar and to others involved in the case. *United States v. Sinclair,* 770 F.3d 1148, 1154–55 (7th Cir. 2014). "On the eve of trial, as compared to earlier in the litigation, the interests of the government, the witnesses, the jurors, and the court will be particularly strong." *Id.* (citing *United States v. Gaya,* 647 F.3d 634, 636 (7th Cir. 2011). "Needless to say, trial preparation takes substantial time and effort—by the prosecutor and defense attorney, to be sure, but also by the court. Other parties—primarily the witnesses and jurors, but court personnel as well—will have made preparations and arranged their schedules in expectation of trial. Finally, last-minute continuances cause more serious disruption to court calendars; it's too late for the court to slot in another trial, and the interests of litigants in other cases may be adversely affected." *Id.*

The violent conduct in this case occurred nearly five years ago in 2018. It is time for the trial of this case to commence. Underwood has not set forth any justifiable reason for the Court to terminate Attorney Campbell's representation. Attorney Campbell has indicated that despite the distrust that has developed on Underwood's part, he is prepared to go to trial. Further, in the interests of the jurors summoned, the alleged victim, the witnesses subpoenaed, and the trial preparation already undertaken by counsel and the Court, Underwood's request for new appointed counsel at this late stage is DENIED. For the same reasons, Attorney Campbell's oral motion to withdraw as counsel is DENIED. This trial date is CONFIRMED, and Attorney Campbell remains counsel of record for Underwood.

SO ORDERED on May 25, 2023.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
