**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CR-77-HAB |
| | ) | |
| HENRY UNDERWOOD | ) | |

**OPINION AND ORDER**

As this case mercifully[1] nears the final sentencing of Defendant, Henry Underwood

("Underwood"), counsel has moved for a 30-day continuance of the sentencing deadlines and

hearing because counsel is recovering from a significant medical procedure performed on June 19,

2024. (ECF No. 257). Alternatively, counsel represents that if the Court is inclined to grant

counsel's request for a continuance, Underwood would like to represent himself and keep the

current sentencing date. (*Id.* at ¶4). For the following reasons, the request by counsel for a 30-day

continuance of the sentencing deadlines and hearing is GRANTED. Underwood's alternate request

to proceed pro se is DENIED without prejudice to him raising the issue at the rescheduled hearing

date.

**DISCUSSION**

For context, a brief synopsis is necessary. Since his indictment, Underwood has proceeded

both *pro se* and through counsel. Whether or not he had counsel, he has peppered the Court with

filings on an assortment of matters ranging from his expression of sovereign citizen platitudes to

a request to be married, to the filing of frivolous writs, notices, and motions. (*See* ECF Nos. 40,

45, 46, 52, 61, 63-68, 73, 79-82, 84, 125-126, 128-129, 131, 133, 148, 159, 170, 172, 174, 179,

180, 200, 203, 204, 219, 221, 247, 254). After his first court-appointed counsel withdrew at

---

[1] The offense conduct in this case occurred in May 2018 and, as the docket reflects, this case has dragged on for four years since Underwood was indicted.

Underwood's insistence (ECF No. 56), Underwood represented himself and was appointed standby counsel, Attorney Stanley Campbell. (ECF No. 58).  By December 2022, Underwood discovered that, as the saying goes, he had a fool for a client, and asked the Court to appoint him counsel. (ECF No. 141: "[T]his pro se stuff kinda difficult.") The Court then appointed Attorney Campbell to step in to represent Underwood. (ECF No. 143). Attorney Campbell has graciously represented Underwood since December 2022 despite Underwood's repeated complaints to the Court and his unsuccessful attempts to have him removed from the case on the eve of trial, see ECF Nos. 177, 178.[2]

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal case the right to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 684–86, (1984); *Wyatt v. United States,* 574 F.3d 455, 457 (7th Cir. 2009). This applies to all critical stages of a criminal proceeding, including sentencing. *Jackson v. Miller*, 260 F.3d 769, 776 (7th Cir. 2001), citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Attorney Campbell represents in his filing that he underwent open-heart surgery and has a release/discharge date of September 11, 2024. Thus, he requests a 30-day continuance of the current deadlines and sentencing hearing to accommodate his medical restrictions.

Attorney Campbell's request to continue must be balanced against Underwood's due process right to a reasonably prompt sentencing hearing. *See Betterman v. Montana,* 578 U.S. 437,

---

[2] The Court held an in-person status conference on May 9, 2023, to ensure that all parties were prepared to proceed to trial, all discovery owed had been received, and that Attorney Campbell believed he could adequately represent Underwood at the upcoming trial. Satisfied by the parties' assurances that they were prepared to proceed to trial, the Court confirmed the trial date. (ECF No. 163). The final pretrial conference was held on May 16, 2023. After that hearing, Underwood wrote three more letters complaining about Attorney Campbell and asking for substitute counsel. (ECF Nos. 170, 172, 174). To address these letters, the Court scheduled a hearing for May 25, 2023, (ECF No. 173, 177) to inquire into the basis of Underwood's dissatisfaction with counsel. Having conducted that hearing and inquired into Underwood's complaints, the Court denied Underwood's request for new counsel. (ECF Nos. 177 and 178).

448 (2016). The Federal Rules of Criminal Procedure, and specifically Rule 32, provide the "primary safeguard" to protect that balance. *Id.* Rule 32(b)(1) requires the court to "impose sentence without unnecessary delay." And the remainder of the provisions outline the sentencing procedures, including the preparation by the probation office, and review by the parties and the Court, of a presentence investigation report (PSR). Fed. R. Crim. P. 32(c)-(h). "This aspect of the system requires some amount of wholly reasonable presentencing delay." *Betterman,* 578 U.S. at 447. And that is where the presentence delay has occurred in this case.

After Underwood's guilty plea in June 2023, the Court entered a sentencing scheduling order setting a sentencing date in September 2023 and directing the preparation of the PSR. (ECF No. 184). After a draft PSR was prepared, Underwood's counsel promptly notified probation of Underwood's objections to the PSR and requested an evidentiary hearing. The hearing was held in November 2023. Post-hearing, the Court ordered the preparation of a transcript and briefing on the objections. Briefing concluded on May 15, 2024, and this Court resolved the objections in a detailed Opinion and Order on July 10, 2024. (ECF No. 252). The current sentencing date was then set.  All of this time is contemplated in the rules and is necessary to appropriately resolve the objections to the PSR. The Court finds nothing unreasonable about the delay occasioned by the resolution of the Defendant's own objections to the PSR.

That said and mindful of this Court's Rule 32 duties, the Court understands Underwood's desire to be sentenced and transferred to the Bureau of Prisons. But the brief delay requested by counsel is reasonable and necessary for this Court to safeguard Underwood's Sixth Amendment right to counsel at all stages of the proceedings. Further, should Underwood request to proceed pro se at the rescheduled hearing, a full and complete record of the proceedings, including the attendance of counsel at the *Faretta* hearing is necessary. Simply put, the Court cannot ignore the

fact that Defendant is represented by counsel and just "allow" Underwood to proceed on his own at sentencing. The Court is required to make certain findings before permitting a Defendant to represent himself. This Underwood knows as he has been through such a proceeding before. In practical terms, the Court cannot proceed with a sentencing hearing or with a *Faretta* colloquy without the presence of Underwood's counsel – whether he wants him there or not.[3]

Accordingly, the Defendant's motion to continue the sentencing hearing for 30 days is GRANTED. The alternative request for the Defendant to retain the August 21, 2024, sentencing date and proceed pro se is DENIED without prejudice to the Defendant raising the issue at the rescheduled sentencing hearing.

SO ORDERED on July 31, 2024

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3]Even if the Court could simply ignore that Defendant has counsel of record and did permit the Defendant to proceed pro se at sentencing, it is this Court's practice to appoint standby counsel. Logically, Attorney Campbell, who has been involved in this case since December 2022, would be the most familiar with the facts and history of the case and would likely be appointed as standby counsel. His availability would thus be a factor considered by the Court in any further scheduling.